MINUTE ENTRY
WILKINSON, M. J.
DECEMBER 4, 2019

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JEROME SCOTT | CIVIL ACTION |
| VERSUS | NO. 19-12736 |
| CROSBY ENERGY SERVICES ET AL. | M.J. WILKINSON |

## HEARING AND ORDER ON MOTION

APPEARANCES:   Jerome Scott, pro se plaintiff; Angela Scott, plaintiff's spouse; and Kellen Matthews, Allison Fish and Stanwood Duval, counsel for defendants

MOTION:   Plaintiff's Motion to Appoint Counsel, Record Doc. No. 16

O R D E R E D:

 XXX : GRANTED. Pursuant to my previous order, Record Doc. No. 18, a hearing on plaintiff's Motion to Appoint Counsel, Record Doc. No. 16, was held in this case on this date. Defendants filed timely opposition memoranda. Record Doc. Nos. 23, 24. Plaintiff and his spouse were sworn and testified concerning plaintiff's financial status and efforts to secure counsel. For the following reasons, plaintiff's motion is granted.

Under the court's protocol for appointment of counsel from its Civil Pro Bono Panel, "Counsel from the Panel must not be appointed as a matter of course or ordinary practice, since there is no automatic right to appointment of counsel in civil cases." Resolution of the En Banc Court ¶ (3)(e) (E.D. La. Apr. 22, 2014) (citing Hadd v. LSG-Sky Chefs, 272 F.3d 298, 301 (5th Cir. 2001); Castro v. Becken, 256 F.3d 349, 353–54 (5th Cir. 2001)). Defendant Crosby Energy Services argues in its opposition memorandum that this is a civil rights case, in which counsel is only appointed in exceptional circumstances. Record Doc. No. 23 at pp. 1–2; Norton v. DiMazana, 122 F.3d 286, 293 (5th Cir. 1997); Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982). However, this is not a civil rights case under 42 U.S.C. § 1983. Plaintiff's petition specifically asserts claims for employment discrimination under 42 U.S.C. § 2000e ("Title VII") and state law claims for negligent handling of a drug test, the results of which were allegedly proven to be untrue. Record Doc.

MJSTAR:  0:42

No. 1-1 at ¶¶ 6, 9–14. Before appointing counsel in Title VII cases, where "exceptional circumstances" are not required, the court considers three factors: (1) the merits of plaintiff's discrimination claims; (2) plaintiff's efforts to secure counsel; and (3) plaintiff's financial ability to retain counsel. Id.; Gonzalez v. Carlin, 907 F.2d 573, 580 (5th Cir. 1990).

Plaintiff's testimony established that he engaged in extensive efforts to secure counsel by speaking about his case with 23 attorneys, but was unsuccessful. Plaintiff and his spouse's testimony further established that plaintiff's debts, including substantial medical expenses and other personal loans, outweigh his monthly earnings. Plaintiff and his spouse's testimony demonstrated that although they have equity in their family home, they have struggled to maintain this equity in light of plaintiff's debts and monthly expenses. I find that plaintiff's testimony adequately establishes both his financial eligibility for appointed counsel and that he has made effort to retain his own counsel.

As to the merits of plaintiff's case, defendants have filed three separate motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Record Doc. Nos. 10, 11, 20. I cannot say definitively at the present stage of this lawsuit whether plaintiff's case has merit until I evaluate defendants' motion papers. However, I find that the court would benefit from plaintiff's representation by appointed counsel addressing the issues raised in the pending motions in written opposition memoranda. In addition, a jury trial has been demanded. Before trial, motions for summary judgment are typically filed by defendants in these types of cases. In light of plaintiff's testimony, I find that plaintiff is not capable of adequately presenting his case without assistance of counsel.

For the foregoing reasons, I find that appointment of counsel is warranted. Accordingly, plaintiff's motion is granted. IT IS ORDERED that Kenneth Bordes, a volunteer in this court's Civil Pro Bono Panel program, is hereby appointed to represent plaintiff, Jerome Scott, in this matter, subject to the terms and conditions of the April 22, 2014 Resolution of the En Banc Court, made permanent on October 5, 2016.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

**CLERK TO NOTIFY PLAINTIFF AND**

**KENNETH BORDES**
**KENNETH C. BORDES, ATTORNEY AT LAW, L.L.C.**
**4224 CANAL STREET**
**NEW ORLEANS, LA 70119**