UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JEROME SCOTT                                    CIVIL ACTION

VERSUS                                          NO. 19-12736

CROSBY ENERGY SERVICES ET AL.                   M. J. WILKINSON

## ORDER AND REASONS ON MOTIONS

This is a civil rights and state law tort action originally filed pro se in state court. Construed broadly, the state court petition, as amended, appears to assert claims pursuant to 42 U.S.C. § 1983 ("Section 1983"), Title VII of the Civil Rights Act ("Title VII"), the Americans with Disabilities Act ("ADA") and Louisiana law by plaintiff Jerome Scott against defendants Crosby Energy Services ("Crosby"), Wood Group PSN ("Wood Group"), Advance Safety Training & Consultants LLC ("Advance"), an unidentified Wood Group employee ("Nick Doe") and unidentified insurance companies ("XYZ Insurance Companies"). This matter was referred to a United States Magistrate Judge for all proceedings and entry of judgment in accordance with 28 U.S.C. § 636(c) upon written consent of all parties. Record Doc. No. 25.

Defendants Crosby, Wood Group and Advance filed three separate Rule 12(b)(6) motions to dismiss plaintiff's claims against them. Record Doc. Nos. 10–11, 20. Plaintiff filed timely opposition memoranda. Record Doc. Nos. 28–30. Defendants received leave to file replies. Record Doc. Nos. 31, 33–40. Having considered the pleadings, the record, the written submissions of counsel and applicable law, and for the following reasons, IT IS ORDERED that the motions are GRANTED IN PART AND DENIED IN PART.

# I.    PROCEDURAL BACKGROUND

## (A) EEOC Charge and Original State Court Petition for Damages

Plaintiff filed a discrimination charge with the Louisiana Commission on Human Rights and/or the Equal Employment Opportunity Commission ("EEOC") on May 17, 2018, alleging that he suffered discriminatory termination under the ADA when employers Crosby and Wood Group fired him on the basis of an unspecified disability. Record Doc. No. 1-1 at p. 17. Based on the information obtained in its investigation, the EEOC was unable to conclude that Crosby and Wood Group violated the ADA and issued Scott a right to sue letter on May 30, 2018. Id. at pp. 14–16.

On August 29, 2018, plaintiff filed a pro se petition for damages in the 32nd Judicial District Court for the Parish of Terrebonne against Crosby and Wood Group. Id. at p. 1, ¶ I. Scott, an African-American, alleged that Crosby and Wood Group discriminated against him on the basis of race when they terminated his employment as head cook on an offshore drilling platform on or about October 24, 2017, after he tested positive for codeine, morphine and opiates in a routine, voluntary drug test administered on October 11, 2017. Id. at pp. 1–2, ¶¶ VI, IX–X. Scott alleged that the test results were "untrue," that "he has never done drugs in his life" and that "the test must have been mixed up with someone else's test." Id. at pp. 2–3, ¶¶ IX, XIII. He further alleged that Crosby and Wood Group engaged in "black ball practices" after his termination by "plac[ing] an X by [his] name for him not for be hired by any other company." Id. at p. 3, ¶ XIII.

Scott asserted claims against Crosby and Wood Group for racial discrimination under Louisiana law and Title VII, loss of employment opportunities, "failure to take reasonable care and caution under all circumstances," failure to properly manage and train employees, and "any and all other negligent acts and omissions which may be proven at the trial of this matter." Id. at p. 3, ¶ XIV.

Scott attached his EEOC discrimination charge and right to sue letter as exhibits to his petition, and the pleading itself alleges "problems with his feet," "swelling of Mr. Scott's feet" and that "he is currently under [a physician's] care for treatment of gout." Id. at p. 2, ¶¶ VII, XI. Also attached as an exhibit to Scott's original petition is an unsigned, handwritten letter presumably authored by Scott, which states that Scott had the disabling condition of gout in his feet and was taking a prescribed anti-inflammatory medication at the time of the drug test. Id. at pp. 22–23. However, despite these allegations and exhibits, the petition did not expressly assert an ADA claim against Crosby or Wood Group or refer to any kind of disability discrimination during his employment with these defendants.

Plaintiff's petition sought monetary damages for loss of back pay, loss of future wages, loss of advancement with Crosby and Wood Group, physical and emotional distress, attorney's fees and "any and all other items of damages to be enumerated at the trial of this matter." Id. at p. 4, ¶ XVI.

On October 16 and 26, 2018, Crosby and Wood Group filed peremptory exceptions of no cause of action and dilatory exceptions of prematurity in the state court lawsuit, based on Scott's failure to allege facts to support the allegations in his petition and failure to

exhaust administrative remedies as to his race discrimination claims. Id. at pp. 34–35, 49–50. Following a show cause hearing on December 10, 2018, the state court judge issued a judgment on January 10, 2019, sustaining the peremptory and dilatory exceptions and ordering Scott to amend his petition within 45 days from the date of judgment. Id. at p. 59.

(B) State Court Amended Petition for Damages and Removal to this Court

After receiving multiple extensions of time, plaintiff filed a pro se amended petition for damages on August 21, 2019. Id. at pp. 72–80. Plaintiff's amended petition alleges that he was a Crosby and Wood Group employee "at all times pertinent during the events described in this lawsuit" and re-alleges the same facts from the original petition concerning his termination following the failed drug test. Id. at p. 73–75. He states that on October 24, 2017, a Wood Group representative "advised [him] that he ha[d] been terminated because the test results were positive." Id. at p. 75. Scott alleges that "the purported test result[s] were shammed," improperly rendered and inauthentic, an assertion he supports with allegations that he took two additional drug tests immediately following his termination, which all came back negative. Id. at pp. 75, 77.

In addition to existing defendants Crosby and Wood Group, Scott's amended petition added new defendants Advance (originally mis-identified as "Specimen Collection Facility"), an unidentified Wood Group employee ("Nick Doe") and unidentified insurance companies "that underwrite[] on behalf of Crosby and Wood Group" ("XYZ Insurance Companies"). Id. at p. 72.

Plaintiff's amended petition **does not refer to or adopt** his original petition's claims for racial discrimination under Louisiana law and Title VII.

The amended petition re-alleges plaintiff's original state law tort claims in more precise detail, asserting negligence, vicarious liability and civil conspiracy claims against defendants under La. Civ. Code arts. 2315–17, 2320 and 2324. Id. Specifically, he alleges that defendants were directly negligent and/or vicariously liable for Advance's negligence in administering and processing the drug test and failing to comply with rules, regulations and practices as to authentic drug testing; and that Crosby and Wood Group were directly negligent and/or vicariously liable for Advance's negligence in failing properly to train supervisors as to authentic drug testing. Id. at pp. 75–78.

The amended petition asserts new constitutional claims against all defendants under Section 1983. Id. Specifically, plaintiff claims that defendants are state actors who denied him due process and equal protection rights and acted with deliberate indifference under the Eighth and Fourteenth Amendments of the United States Constitution in administering and processing his drug test. Id. at pp. 73, 75–78.

Finally, Scott alleges that an unidentified employer refused to offer him employment opportunities in January 2018 "based upon the shammed information/test result[s] contained within the custody of the Defendants, Crosby Energy Services, Wood Group PSN; and [Advance]." Id. at p. 75.

Scott's amended petition seeks monetary damages, a declaratory judgment stating defendants' violations of federal and state law, reinstatement to his head cook position and

an injunction ordering XYZ Insurance Companies to comply with any contracts, policies or legislation requiring payments to plaintiff. Id. at pp. 78–80.

On October 23, 2019, defendant Crosby removed the state court lawsuit to this court based on this court's federal question jurisdiction over plaintiff's Section 1983 claims. Record Doc. No. 1. On November 1, 2019, plaintiff filed a motion for appointment of counsel. Record Doc. No. 16. Plaintiff's motion was granted and he was appointed counsel from this court's Civil Pro Bono Panel following a hearing on December 4, 2019. Record Doc. No. 26.

II.     LEGAL STANDARD

Under Rule 12(b)(6), as clarified by the Supreme Court,

> "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." A claim for relief is implausible on its face when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct."

Harold H. Huggins Realty, Inc. v. FNC, Inc., 634 F.3d 787, 796 (5th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007))).

"The Supreme Court's decisions in Iqbal and Twombly . . . did not alter the long-standing requirement that when evaluating a motion to dismiss under Rule 12(b)(6), a court must accept[ ] all well-pleaded facts as true and view[ ] those facts in the light most favorable to the plaintiff." Id. at 803 n.44 (quotation omitted); accord Murchison Capital

Partners, L.P. v. Nuance Commc'ns, Inc., 625 F. App'x 617, 618 n.1 (5th Cir. 2015) (citing Wood v. Moss, 134 S. Ct. 2056, 2065 n.5 (2014)).

"With respect to any well-pleaded allegations 'a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" Jabary v. City of Allen, 547 F. App'x 600, 604 (5th Cir. 2013) (quoting Iqbal, 556 U.S. at 664). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Maloney Gaming Mgmt., L.L.C. v. St. Tammany Parish, 456 F. App'x 336, 340 (5th Cir. 2011) (quotations omitted) (citing Iqbal, 556 U.S. at 696; Elsensohn v. St. Tammany Parish Sheriff's Ofc., 530 F.3d 368, 371 (5th Cir. 2008); In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 n.10 (5th Cir. 2007)).

III.  ANALYSIS

(A) Abandoned Racial Discrimination Claims

"[A]n amended complaint supersedes and replaces an original complaint, unless the amendment specifically refers to or adopts the earlier pleading." McDonald v. Chief of Police Etc., 2019 WL 3057666, at *2 (5th Cir. July 11, 2019) (citing Eubanks v. Parker Cty. Comm'rs Court, 1995 WL 10513, at *2 (5th Cir. Jan. 3, 1995)); accord King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994); Boelens v. Redman Homes, Inc., 759 F.2d 504, 508 (5th Cir. 1985). "Once an amended pleading is interposed, the original pleading no longer performs any function in the case." Bodenheimer v. Williams, 2015 WL 13840130, at *1 (E.D. La.

July 23, 2015) (quoting <u>Thomas v. Miramar Lakes Homeowners Ass'n</u>, 2014 WL 3897809, at *4–5 (S.D. Tex. Aug. 6, 2014)).

Plaintiff's amended petition does not refer to or adopt his original petition's claims for racial discrimination against Crosby and Wood Group under and federal and Louisiana law. Therefore, plaintiff's racial discrimination claims are deemed abandoned in this matter.

(B) <u>Voluntarily Dismissed Section 1983 and Civil Conspiracy Claims</u>

Plaintiff concedes in his response memoranda to all three motions to dismiss that defendants are private citizens that did not act under color of state law or conspire with state actors during the events giving rise to this lawsuit. Record Doc. Nos. 28 at p. 5; 29 at p. 5; 30 at p. 5. Scott concedes that he "does not have any viable claims under 42 U.S.C. § 1983" against any defendant. <u>Id</u>. He states that he "voluntarily seek[s] to dismiss all claims brought pursuant to [Section] 1983." <u>Id</u>. Accordingly, the motions are GRANTED insofar as plaintiff's Section 1983 claims against all defendants are DISMISSED WITH PREJUDICE.

Plaintiff further concedes in all three opposition memoranda that "he cannot articulate a viable claim of civil conspiracy under Article 2324" but "reserves the right to amend his Complaint to the extent that discovery indicates that the elements of this tort can be established." Record Doc. No. 28 at p. 9 n.4; 29 at p. 7 n.2; 30 at p. 9 n.3. Accordingly, the motions are GRANTED insofar as plaintiff's civil conspiracy claims against all defendants are DISMISSED WITHOUT PREJUDICE to filing an appropriate motion to amend to state a claim for relief for civil conspiracy under Louisiana law.

### C. Purported ADA Claims Against Crosby and Wood Group

Plaintiff's opposition memoranda argue that his amended petition states claims for relief against Crosby and Wood Group for employment discrimination under the ADA. Record Doc. Nos. 28 at pp. 11–13; 30 at 11–13. The ADA prohibits an employer from discriminating against a "qualified individual with a disability on the basis of that disability." 42 U.S.C. § 12112(a). "To establish a prima facie discrimination claim under the ADA, a plaintiff must prove: (1) that he has a disability; (2) that he was qualified for the job; [and] (3) that he was subject to an adverse employment decision on account of his disability." E.E.O.C. v. LHC Grp., Inc., 773 F.3d 688, 697 (5th Cir. 2014) (quoting Zenor v. El Paso Healthcare Sys., Ltd., 176 F.3d 847, 853 (5th Cir. 1999). An individual is "disabled" under the ADA if he has a physical or mental impairment that substantially limits one or more major life activity, has a record of such an impairment, or is subjected to an action prohibited under the ADA because of an actual or perceived physical or mental impairment. 42 U.S.C. § 12102. Plaintiff's original and amended petitions do not assert an explicit ADA cause of action against Crosby or Wood Group. However, the amended petition alleges certain elements of an ADA employment discrimination claim.

Scott asserts his job qualifications by alleging that he was employed as Wood Group and Crosby's offshore head cook for approximately three years, working 18-hour days for two weeks at a time, preparing three meals per day for up to 60 employees. Record Doc. No. 1-1 at p. 74.

Plaintiff alleges an actual and/or perceived disability that interfered with a major life activity – his ability to work – in stating "[a]fter approximately a two (2) year period Defendant[] Wood Group PSN ascertained and acknowledged plaintiff developed (a job-related) medical problem with his feet as he apparently sought medical treatment offshore on the platform on several occasions " and that Wood Group's medical staff "acknowledged [that] plaintiff's medical problem beg[a]n interfering with his work ability." Id. at p. 75. He states that the head cook position "required and consisted [of] constant standing and/or walking." Id. at p. 74. Although the amended petition does not identify the specific "job-related medical problem," plaintiff's opposition memoranda and original petition state that plaintiff "acquired gout in his feet" and was under the care of a physician "for treatment of [g]out." Record Doc. Nos. 1-1 at pp. 2, 8; 28 at p. 11; 30 at p. 11. Undermining any disability claim, plaintiff attached to his original petition correspondence dated November 29, 2017, from plaintiff's physician, Dr. Scott A. Haydel, who states that plaintiff's prescribed gout medication, Allopurinol, "will not affect [Scott's] ability to perform his duties." Record Doc. No. 1-1 at 8 (emphasis added). Dr. Haydel further stated that Scott "can return to work full duty with no restrictions." Id. (emphasis added).

Plaintiff alleges that he suffered an adverse employment decision when Crosby and Wood Group fired him from his head cook position. Plaintiff alleges that his employers advised him that "he ha[d] been terminated because the [drug] test results were positive. Id. at p. 75. However, nowhere in plaintiff's original or amended petitions does plaintiff state that he was fired from Crosby and Wood Group **because of his gout.** Thus, plaintiff fails to

state a claim upon which relief can be granted for employment discrimination under the ADA.

However, a court should not dismiss an action for failure to state a claim under Rule 12(b)(6) without giving plaintiff "at least one chance to amend." Hernandez v. Ikon Ofc. Solutions, Inc., 306 F. App'x 180, 182 (5th Cir. 2009); accord Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 329 (5th Cir. 2002). Thus, the motions are DENIED at this time as to plaintiff's ADA claims against Crosby and Wood Group. Plaintiff is hereby put on notice that he must file a motion for leave to file an amended complaint either with defendants' consent pursuant to Local Rule 7.3 or noticed for submission pursuant to Local Rule 7.2, adequately asserting any claims under the ADA no later than MARCH 31, 2020. Failure timely to seek amendment will result in an order dismissing plaintiff's ADA claims without further hearing or briefing.

(D) State Law Negligence Claims

La. Civ. Code art. 2315 provides that "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." The Civil Code further provides that every person is responsible for the damage he causes by his own negligence. La. Civ. Code art. 2316. To adequately plead a cause of action for negligence under the duty-risk analysis adopted by the Louisiana Supreme Court, the plaintiff must allege that "(1) [he] suffered an injury; (2) the defendant owed a duty of care to the plaintiff; (3) the duty was breached by the defendant; (4) the conduct in question was the cause-in-fact of the resulting harm; and (5) the risk of harm was within the scope of protection afforded

-11-

by the duty breached." <u>Doe</u>, 945 F.3d at 826 (citing <u>Lazard v. Foti</u>, 859 So. 2d 656, 659 (La. 2003)). "Without allegations suggesting the source of an enforceable duty, the plaintiff is unable to plead a plausible claim for negligence." <u>Butler v. Denka Performance Elastomer LLC</u>, 2019 WL 1160814, at *9 (E.D. La. Mar. 13, 2019).

    (1) <u>Direct Negligence and Negligent Discharge Claims Against Crosby, Wood Group, Doe and XYZ Insurance Companies</u>

    Plaintiff claims that he negligently was discharged based on the failure of Crosby, Wood Group, Doe and XYZ Insurance Companies to ensure that his drug test was authentically administered and processed. Louisiana is an at-will employment state, and an employer has the right to fire an employee "for any reason—good, bad, or indifferent—or for no reason at all." La. Civ. Code art. 2747; <u>Johnson v. Delchamps, Inc.</u>, 897 F.2d 808, 810 (5th Cir. 1990). In <u>Johnson</u>, the Fifth Circuit held that an employer cannot be held liable in tort for discharging at-will employee based on incorrect information gathered in polygraph test, even if test was negligently conducted. 897 F.2d at 811. The <u>Johnson</u> court reasoned that "[i]f [an employer] was at liberty to discharge [its employee] for no reason, it was equally at liberty to discharge [him] for a reason **based on incorrect information, even if that information was carelessly gathered.**" <u>Id</u>. (emphasis added).

    Following <u>Johnson</u>, the Louisiana Supreme Court and federal courts in this circuit have frequently held that an employer cannot be held directly liable under a negligence theory for terminating an employee based on incorrect results of a negligently conducted drug or alcohol test. <u>Herbert v. Placid Ref. Co.</u>, 564 So. 2d 371, 373 (La. App. 1st Cir. 1990),

writ denied, 569 So. 2d 981 (La. 1990) (applying Johnson rationale in dismissing claim against employer based on employee's discharge resulting from testing laboratory's negligent performance of drug test); Smith v. Diamond Offshore Mgmt. Co., 2003 WL 23095586, at *6 (E.D. La. Dec. 23, 2003) (applying Johnson rationale to dismiss plaintiff's claim for negligent discharge against employer based on results of breathalyser test administered in unreliable manner); Wells v. Disa Glob. Sols. Inc., 2018 WL 3827590, at *7 (W.D. La. June 28, 2018), report and recommendation adopted, 2018 WL 3827264 (W.D. La. Aug. 10, 2018) (company that neither collected nor analyzed drug test sample may not be held liable under negligence theory for failure to conduct test properly or produce correct results).

Thus, Louisiana's at-will employment doctrine shields Crosby and Wood Group from potential direct liability for both negligent administration and processing of Scott's drug test and negligent discharge of Scott based on incorrect test results. If an employer cannot be held directly liable for damages resulting from a negligently conducted and processed drug test, it follows that an employer's supervisor and insurance companies may not be held directly liable under the same theory.

The general rule that a plaintiff should be given one chance to amend his pleading before dismissal under Rule 12(b)(6) does not apply if amendment would be futile. Townsend v. BAC Home Loans Servicing, L.P., 461 F. App'x 367, 372 (5th Cir. 2011); Jaso v. The Coca Cola Co., 435 F. App'x 346, 351–52 (5th Cir. 2011) (citing Goodman v. Praxair, Inc., 494 F.3d 458, 466 (4th Cir. 2007); Jones v. Alcoa, Inc., 339 F.3d 359, 366 (5th Cir. 2003); 5B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 at

714–21 (3d ed. 2004)). Based on Louisiana's at-will employment doctrine and the above-referenced case law, any attempt to amend his petition to assert direct liability negligence or negligent discharge claims against Crosby, Wood Group, Doe or XYZ Insurance Companies arising from administration and processing of his drug test would be futile.

For the foregoing reasons, plaintiff fails to state claims for direct liability negligence and/or negligent discharge against Crosby, Wood Group, Doe and XYZ Insurance Companies based on negligent administration and processing of his drug test. Accordingly, the motions are GRANTED insofar as plaintiff's direct liability negligence and negligent discharge claims against these defendants are DISMISSED WITH PREJUDICE.

(2) <u>Vicarious Liability Negligence Claims Against Crosby, Wood Group, Doe and XYZ Insurance Companies</u>

Scott alleges that Crosby, Wood Group, Doe and XYZ Insurance Companies are vicariously liable for Advance's negligent administration and processing of his drug test and its use of deficient testing policies and procedures. Plaintiff further claims that Crosby and Wood Group were negligent in failing properly to train supervisors as to authentic drug testing. La. Civ. Code art. 2320 provides that "[m]asters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed." "A 'servant,' as used in the Civil Code, 'includes anyone who performs continuous service for another and whose physical movements are subject to the control or right to control of the other as to the manner of performing the service.'" <u>Doe</u>, 945 F.3d at 825 (quoting <u>Ermert v. Hartford Ins. Co.</u>, 559 So. 2d 467, 476 (La. 1990). Plaintiff

does not allege that Crosby, Wood Group, Doe or XYZ Insurance Companies employed supervisors involved in the drug testing process, or that these defendants had control over hiring and training Advance's drug testing employees, drug testing services provided by Advance or policies and procedures used by Advance to administer and process drug tests. Accordingly, plaintiff fails to state vicarious liability negligence claims against Crosby, Wood Group, Doe and XYZ Insurance Companies based on drug testing administration, processing, policies and procedures that were performed and used by Advance.

To give plaintiff one opportunity to amend in compliance with the Fifth Circuit precedent cited above, the motions are DENIED at this time as to plaintiff's vicarious liability negligence claims. Plaintiff is hereby put on notice that he must file an appropriate motion for leave to file an amended complaint adequately asserting any vicarious liability claims no later than MARCH 31, 2020. Failure timely to seek amendment will result in an order dismissing plaintiff's vicarious liability claims without further hearing or briefing.

(3) Claim for Loss of Employment Opportunities

Plaintiff's amended petition makes a vague attempt to re-allege the claim from his original petition that he suffered loss of employment opportunities after the allegedly false drug test results were communicated to an unnamed, subsequent employer through the "black ball" practices of Crosby and Wood Group. However, unlike the original petition, the amended petition does not allege which defendant(s) caused his loss of employment opportunities and merely states that the positive test results responsible for his loss of employment opportunities were "contained within the custody of Crosby, Wood Group and

Advance." Record Doc. No. 1-1 at p. 75. This statement does not permit the court to infer that any defendant is liable for plaintiff's inability to obtain work opportunities from the unnamed employer. Plaintiff's petition is further unclear as to the legal basis for this claim. Is plaintiff asserting a claim under some state law tort theory, a state or federal law related to confidentiality of a patient's medical records or is there some other legal ground for this claim?

To give plaintiff one chance to amend in compliance with the Fifth Circuit precedent cited above, the motions are DENIED at this time as to plaintiff's claim for loss of employment opportunities. Plaintiff is hereby put on notice that he must file an appropriate motion for leave to file an amended complaint adequately asserting any claim related to his loss of employment opportunities and identifying the defendant(s) he is asserting the claim against, no later than MARCH 31, 2020. Failure timely to seek amendment will result in an order dismissing this claim without further hearing or briefing.

(4) Direct Negligence Claims Against Advance

Plaintiff alleges that he was terminated on October 24, 2017, based on false positive results of a drug test administered and processed by Advance and that he was denied employment opportunities in January 2018, after an unnamed employer refused to offer him additional work based on the test results in Advance's custody. To the extent plaintiff claims that Advance negligently administered and processed his drug test, negligently drafted deficient policies and practices for authentic drug testing, and/or negligently communicated false drug test results to Scott's employer, Louisiana state and federal courts have recognized

that drug testing laboratories have a duty to conduct drug tests in a competent and reasonable manner. Elliott v. Lab. Specialists, Inc., 588 So. 2d 175, 176 (La. App. 5th Cir. 1991), writ denied, 592 So. 2d 415 (La. 1992); Nehrenz v. Dunn, 593 So. 2d 915, 918 (La. App. 4th Cir. 1992);; Smith, 2003 WL 23095586, at *8; LeBlanc v. DISA Glob. Sols., Inc., 2017 WL 5147660, at *8 (M.D. La. Oct. 5, 2017), report and recommendation adopted, 2017 WL 5147150 (M.D. La. Nov. 6, 2017); Jones v. Disa Glob. Sols., Inc., 2018 WL 3150716, at *4 (M.D. La. June 11, 2018), report and recommendation adopted, 2018 WL 3150349 (M.D. La. June 27, 2018).

Advance argues that plaintiff's claims are time-barred under the Louisiana Civil Code's prescriptive period governing delictual (tort) actions. "A motion to dismiss may be granted on a statute of limitations defense where it is evident from the pleadings that the action is time-barred, and the pleadings fail to raise some basis for tolling." Barrett v. Am. Airlines, Inc., 711 F. App'x 761, 763 (5th Cir. 2017) (citing Jones, 339 F.3d at 366) (internal quotations omitted). Under Louisiana law, delictual actions are subject to a liberative prescription of one year. La. Civ. Code art. 3492. This prescriptive period commences to run from the date injury or damage is sustained. Id. Prescription is interrupted when an obligee commences a lawsuit against the obligor in a court of competent jurisdiction and venue. La. Civ. Code art. 3462.

Plaintiff filed his original petition in state court on August 29, 2018, within the one-year prescriptive period for delictual actions arising from his termination and subsequent loss of employment opportunities. **However, the original petition named only Crosby and**

**Wood Group as defendants.** Accordingly, the original petition interrupted prescription of plaintiff's negligence claims only as to Crosby and Wood Group. Scott did not commence his action against Advance until he filed his amended complaint on August 21, 2019, well over a year after plaintiff sustained his alleged injuries. Record Doc. No. 1-1 at p. 80. Thus, plaintiff's negligence claims against Advance are facially prescribed.

However, both the Louisiana and Federal Rules of Civil Procedure allow late-filed amendments to relate back to timely filed claims under certain circumstances. Fed. R. Civ. P. 15(c) provides that an amendment relates back to the original pleading if (1) the law that provides the applicable statute of limitations (i.e., prescriptive period) allows relation back; (2) the amendment asserts a claim or defense that arose out of the conduct, transaction or occurrence set out – or attempted to be set out – in the original pleading; and (3) the amendment changes the party or naming of the party and the new or newly named defendant received notice of the action so as to preclude prejudice and knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Similarly, Louisiana law provides that when the action asserted in the amended petition arises out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading. La. Code Civ. P. art. 1153. Relation back of an amendment under Louisiana law requires the following:

(1) a factual nexus, that is the cause of action in the amended petition must arise out of the same transaction or occurrence as that involved in the original petition; (2) the new defendant must have received actual notice of the original action so that there is no prejudice to its rights; (3) the new defendant must know or have reason to have known that it would have been named in the original petition but for a mistake in identity; and (4) the new defendant must not be a wholly new or unrelated defendant as to the defendant in the original petition.

Smith v. Auto Club Family Ins. Co., 2008 WL 5110590, at *3 (E.D. La. Nov. 25, 2008)

(citing Ray v. Alexandria Mall, 434 So.2d 1083, 1087 (La. 1983)).

Plaintiff argues that under the Federal Rules of Civil Procedure his state law claims against Advance relate back to his original and timely petition filed on August 29, 2018. Specifically, plaintiff asserts that his claims against Advance in the amended petition arise from Crosby and Wood Group's decision to fire him based on the positive drug test results, the same transaction or occurrence set out in his original petition. Record Doc. No. 29 at p. 8. Plaintiff further argues that his original petition "was seeking to bring an action against all Defendants, including Advance" by asserting a catch-all claim for "any and all negligent acts and omissions which may have been proven at the trial of this matter." Record Doc. Nos. 1-1 at p. 3; 29 at pp. 8–9.

Advance argues that Louisiana law, not the Federal Rules of Civil Procedure, applies to the issue of whether Scott's amended pleading relates back to the original pleading. Record Doc. No. 40 at p. 2–4. Advance contends that Scott's amended pleading does not relate back to his original petition based on its lack of notice of the original petition as well

as its status as a new defendant, unrelated to the original parties sued in this matter, when the amended petition was filed. Id.

"The Federal Rules of Civil Procedure 'apply to civil actions removed to the United States district courts from the state courts and govern procedure <u>after removal</u>.'" <u>O'Carolan v. Puryear</u>, 70 F. App'x 751 (5th Cir. 2003) (citing Fed. R. Civ. P. 81(c)) (emphasis in original). "They do not provide for retroactive application to the procedural aspects of a case that occurred in state court prior to removal to federal court." <u>Taylor v. Bailey Tool Mfg. Co.</u>, 744 F.3d 944, 946 (5th Cir. 2014). "Because [Scott]'s case originated in state court, and the events relevant to its timeliness occurred prior to its removal, the Federal Rules of Civil Procedure do not govern the issue whether [Scott] tolled the applicable statute of limitations while her case was pending in . . . state court." <u>O'Carolan</u>, 70 F. App'x at 752. Instead, the Fifth Circuit "applie[s] state rules to determine the implications of events that occurred while a case was pending in state court prior to removal." <u>Taylor</u>, 744 F.3d at 947.

Thus, the court must look to Louisiana law to determine if the claims asserted against Advance in plaintiff's amended petition relate back to his original petition for purposes of timeliness. The causes of action against Advance in Scott's amended petition certainly arise from the same set of facts involved in the original petition. However, allowing the amended petition to relate back to the original pleading would prejudice Advance's rights, as the state court record indicates that Advance did not receive actual notice of this lawsuit until it was served with the amended petition on August 26, 2019. Record Doc. No. 1-1 at p. 84. Nothing in the record suggests that Advance knew or had reason to know that it would have been

named in the original petition but for a mistake in identity. In fact, plaintiff's original petition attached drug test results issued on October 24, 2017, which clearly state Advance's identity as the specimen collection facility involved in Scott's drug test. Id. at p. 7. Thus, there could have been no mistake as to Advance's identity as a separate entity from Scott's employers when Scott filed this lawsuit on August 29, 2018. Finally, Advance is a new defendant unconnected to Crosby and Wood Group other than its role as the third-party drug testing facility used by these companies. For the foregoing reasons, all factors required for relation back of an amendment under Louisiana law are not met. Thus, Scott fails to state direct negligence claims against Advance because these claims are facially prescribed under La. Civ. Code art. 3492. Amendment of these claims would be futile. Accordingly, Advance's motion to dismiss is GRANTED insofar as plaintiff's direct negligence claims against Advance are DISMISSED WITH PREJUDICE.

Plaintiff is hereby placed on notice that in the event he fails to amend his ADA claim as required above, such that all federal law claims would be dismissed in this matter, the court has discretion either to decline or exercise supplemental jurisdiction over plaintiff's state law claims, 28 U.S.C. § 1367(c)(3), considering the statutory provisions of 28 U.S.C. § 1367(c) and the balance of the common law factors of judicial economy, convenience, fairness and comity. Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350–51 (1988); United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966); Heggemeier v. Caldwell Cty., Texas, 826 F.3d 861, 872–73 (5th Cir. 2016); Enochs v. Lampasas Cty., 641 F.3d 155,

158–59 (5th Cir. 2011); <u>Brookshire Bros. Holding v. Dayco Prod., Inc.</u>, 554 F.3d 595, 602

(5th Cir. 2009); <u>Batiste v. Island Records, Inc.</u>, 179 F.3d 217, 227 (5th Cir. 1999).

New Orleans, Louisiana, this _____9th_____ day of March, 2020.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE