UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JEROME SCOTT                                          CIVIL ACTION

VERSUS                                               NO. 19-12736

CROSBY ENERGY SERVICES ET AL.                        M. J. WILKINSON

### ORDER AND REASONS ON MOTIONS

This is an Americans with Disabilities Act ("ADA") and state law tort action originally filed pro se in state court. Counsel was subsequently appointed to represent plaintiff in this court. Record Doc. No. 26. This matter was referred to a United States Magistrate Judge for all proceedings and entry of judgment in accordance with 28 U.S.C. § 636(c) upon written consent of all parties. Record Doc. No. 25.

Plaintiff's original and amended state court petitions asserted claims against defendants Crosby Energy Services ("Crosby"), Wood Group PSN ("Wood Group"), Advance Safety Training & Consultants LLC ("Advance"), an unidentified Wood Group employee ("Nick Doe") and unidentified insurance companies ("XYZ Insurance Companies"). Plaintiff's most recent second amended complaint abandons all claims against Advance, Nick Doe and XYZ Insurance Companies and asserts ADA and state law vicarious liability claims against **Crosby and Wood Group only**. Record Doc. No. 44. Defendants Crosby and Wood Group filed two separate Rule 12(b)(6) motions to dismiss plaintiff's claims against them. Record Doc. Nos. 45–46. Plaintiff filed timely opposition memoranda. Record Doc. Nos. 47–48. Defendants received leave to file a replies. Record Doc. Nos. 49–54. Having considered the pleadings, the record, the written submissions of counsel and

applicable law, and for the following reasons, IT IS ORDERED that defendants' motions are DENIED, subject to the amendment order set out below.

I.      PROCEDURAL BACKGROUND

(A)     EEOC Charge and Original State Court Petition for Damages

Plaintiff filed a charge of discrimination with the Louisiana Commission on Human Rights and/or the Equal Employment Opportunity Commission ("EEOC") on May 17, 2018, alleging that he suffered disability discrimination under the ADA when employers Crosby and Wood Group terminated him from his position. Record Doc. No. 1-1 at p. 17. Scott's EEOC charge states the following allegations against Crosby and Wood Group:

I.      I began my employment with the above Respondent in October 2014 most recently as a Cook. On October 24, 2017 I was informed of my discharge after I failed a drug test. The company employs over 100 persons.

II.     Around October 5, 2017, I went to work for the company once more and per protocol I was asked to take a drug test. October 11, 2017, I took the drug test. On October 24, 2017, I called to find out what time I was to report to work. I was informed that I failed my drug test and that I was terminated. I stated that I do not do drugs and they may have gotten my drug test mixed up with someone else. On November 2, 2017, I revisited the company office with the president of the NAACP to request my pink slip, but to no avail. On November 29, 2017, I went to my family doctor to have my feet looked at and I completed a drug test. This test came back negative. I went back to Respondent's office to inform them of the test results. We talked with a representative who stated that I needed to complete some out of pocket drug classes. Currently I am having a hard time getting my unemployment. On December 4, 2017, I completed another drug test that came back negative. I applied with another company for a job and my drug test came back negative once more. I went to work on December 28, 2017, and I stayed out for 21 days. I returned home on January 18, 2018 and I have not been back since.

-2-

III.   I believe I have been discriminated against based on my disability in violation of the Americans with Disabilities Act as amended.

Id. The EEOC was unable to conclude that Crosby and/or Wood Group violated the ADA and mailed Scott a right to sue letter on May 30, 2018. Id. at pp. 14–16.

On August 29, 2018, plaintiff filed a pro se petition for damages in the 32nd Judicial District Court for the Parish of Terrebonne against Crosby and Wood Group, attaching his EEOC discrimination charge and right to sue letter as exhibits. Id. at pp. 1 ¶ I, 14–17. Scott's petition alleges "problems with his feet," "swelling of Mr. Scott's feet" and that "he is currently under [a physician's] care for treatment of gout." Id. at p. 2 ¶¶ VII, XI. Also attached to Scott's original petition is an unsigned, handwritten letter presumably authored by Scott, which states that Scott had the disabling condition of gout in his feet and was taking a prescribed anti-inflammatory medication at the time of the drug test. Id. at pp. 22–23.

On October 16 and 26, 2018, Crosby and Wood Group filed peremptory exceptions of no cause of action and dilatory exceptions of prematurity in the state court lawsuit, based on Scott's failure to allege facts to support the allegations in his petition and failure to exhaust administrative remedies as to his race discrimination claims, which plaintiff has since abandoned in this matter. Id. at pp. 34–35, 49–50; Record Doc. No. 41 at pp. 7–8. Following a show cause hearing on December 10, 2018, the state court issued a judgment on January 10, 2019, sustaining the peremptory and dilatory exceptions for reasons stated orally on the state court record and ordering Scott to amend his petition within 45 days from the date of the judgment or else face dismissal of his lawsuit with prejudice. Record Doc. No. 1-1 at p.

59. The state court's oral reasons for sustaining the exceptions and permitting plaintiff leave to amend are not included in the record of this matter.

    (B)    <u>State Court Amended Petition and Removal to this Court</u>

After receiving multiple extensions of time, plaintiff filed a pro se amended petition for damages on August 21, 2019. <u>Id</u>. at pp. 72–80. In addition to existing defendants Crosby and Wood Group, Scott's amended petition added new defendants Advance (originally mis-identified as "Specimen Collection Facility"), an unidentified Wood Group employee ("Nick Doe") and unidentified insurance companies "that underwrite[] on behalf of Crosby and Wood Group" ("XYZ Insurance Companies"). <u>Id</u>. at p. 72.

On October 23, 2019, defendant Crosby removed the state court lawsuit to this court based on this court's federal question jurisdiction over plaintiff's claims under 42 U.S.C. § 1983, which have since been dismissed with prejudice from this matter. Record Doc. Nos. 1; 41 at p. 8. On November 1, 2019, plaintiff filed a motion for appointment of counsel. Record Doc. No. 16. Plaintiff's motion was granted and he was appointed counsel from this court's Civil Pro Bono Panel following a hearing on December 4, 2019. Record Doc. No. 26.

This court previously ordered plaintiff to amend his complaint no later than March 31, 2020, to adequately plead any ADA discrimination claims and loss of employment opportunities and vicarious liability claims under Louisiana law. Record Doc. No. 41 at pp. 11, 15–16. Plaintiff timely filed his amended complaint on March 31, 2020. Record Doc. No. 42–44.

II.    <u>LEGAL STANDARD</u>

As clarified by the Supreme Court, under Rule 12(b)(6),

"a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." A claim for relief is implausible on its face when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct."

Harold H. Huggins Realty, Inc. v. FNC, Inc., 634 F.3d 787, 796 (5th Cir. 2011) (quoting

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)) (quoting Bell Atl. Corp. v. Twombly, 550 U.S.

544 (2007))).

"The Supreme Court's decisions in Iqbal and Twombly . . . did not alter the

long-standing requirement that when evaluating a motion to dismiss under Rule 12(b)(6), a

court must accept[ ] all well-pleaded facts as true and view[ ] those facts in the light most

favorable to the plaintiff." Id. at 803 n.44 (quotation omitted); accord Murchison Capital

Partners, L.P. v. Nuance Commc'ns, Inc., 625 F. App'x 617, 618 n.1 (5th Cir. 2015) (citing

Wood v. Moss, 134 S. Ct. 2056, 2065 n.5 (2014)).

"With respect to any well-pleaded allegations 'a court should assume their veracity

and then determine whether they plausibly give rise to an entitlement to relief.'" Jabary v.

City of Allen, 547 F. App'x 600, 604 (5th Cir. 2013) (quoting Iqbal, 556 U.S. at 664).

"Factual allegations must be enough to raise a right to relief above the speculative level, on

the assumption that all the allegations in the complaint are true (even if doubtful in fact)."

Maloney Gaming Mgmt., L.L.C. v. St. Tammany Parish, 456 F. App'x 336, 340 (5th Cir.

2011) (quotations omitted) (citing Iqbal, 556 U.S. at 696; Elsensohn v. St. Tammany Parish

Sheriff's Ofc., 530 F.3d 368, 371 (5th Cir. 2008); In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 n.10 (5th Cir. 2007)).

III.   ANALYSIS

    (A)   Defendants Advance, XYZ Insurance Companies and Nick Doe

"[A]n amended complaint supersedes and replaces an original complaint, unless the amendment specifically refers to or adopts the earlier pleading." McDonald v. Chief of Police Etc., 2019 WL 3057666, at *2 (5th Cir. July 11, 2019) (citing Eubanks v. Parker Cty. Comm'rs Court, 1995 WL 10513, at *2 (5th Cir. Jan. 3, 1995)); accord King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994); Boelens v. Redman Homes, Inc., 759 F.2d 504, 508 (5th Cir. 1985). "Once an amended pleading is interposed, the original pleading no longer performs any function in the case." Bodenheimer v. Williams, 2015 WL 13840130, at *1 (E.D. La. July 23, 2015) (quoting Thomas v. Miramar Lakes Homeowners Ass'n, 2014 WL 3897809, at *4–5 (S.D. Tex. Aug. 6, 2014)).

Plaintiff's amended complaint does not refer to or adopt the claims asserted against Advance, XYZ Insurance Companies or Nick Doe in his state court amended petition, nor does it assert any new claims against these defendants. Therefore, plaintiff's claims against these defendants are deemed abandoned. Accordingly, IT IS ORDERED that defendants Advance, XYZ Insurance Companies and Nick Doe (the latter two defendants identified on this court's docket sheet as "Unidentified Parties") are hereby DISMISSED WITH PREJUDICE from this matter.

    (B)   Plaintiff's Amended Complaint Sufficiently Gives Notice

Defendants Crosby and Wood Group argue in their motion papers that plaintiff's second amended complaint impermissibly asserts collective, identical allegations and claims against them and that the complaint should be dismissed for failure to give adequate notice of the specific claims asserted against the individual defendants. Record Doc. Nos. 45-1 at pp. 4–6; 46-1 at p. 3.

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to "contain a short and plain statement of the claim showing that the pleader is entitled to relief." A plaintiff "need not allege in [his] complaint every fact that [he] might need to prove to prevail on the merits. . . . This simplified notice pleading standard need only give a defendant fair notice of what the plaintiff's claim is and the grounds upon which rests. The liberal discovery rules and summary judgment motions are then employed to explore the details of the claim." Goss v. Hardy Energy Servs., Inc., 2010 WL 427748, at *2 (W.D. La. Feb. 3, 2010) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002)); accord Lovick v. Ritemoney Ltd., 378 F.3d 433, 438 (5th Cir. 2004); Vidrine v. St. Landry Parish Fire Prot. Dist., 2012 WL 6608963, at *1 (W.D. La. Dec. 18, 2012).

In support of its argument against plaintiff's use of collective pleading, Crosby cites Cain v. City of New Orleans, 2016 WL 2849478 (E.D. La. May 13, 2016), a Section 1983 and state law tort case in which the plaintiffs' complaint stated collective allegations against **eighteen defendants** – including the City of New Orleans, the Orleans Parish Criminal District Court, its judges and judicial administrator, and former Orleans Parish Sheriff Marlin Gusman – for maintaining an unconstitutional scheme of jailing indigent criminal defendants

and imposing excessive bail amounts. Id. at *1. The Cain court granted the City of New Orleans's Rule 12(b)(6) motion to dismiss plaintiffs' claims against it, based on plaintiffs' failure to allege plausible claims for relief against the City under state or federal law and further noted that plaintiffs' "lumping all defendants together and asserting identical allegations as to each, without distinction" prevented the court from determining which defendants were allegedly responsible for the unconstitutional scheme. Id. at *5–9.

Crosby also cites Tilson v. DISA, Inc., 2019 WL 208871 (M.D. La. Jan. 15, 2019), in which the plaintiff's complaint collectively alleged various claims arising from the collection, testing, and reporting of a workplace drug test against several defendants – including plaintiff's employer, the owner of the petrochemical plant where plaintiff worked, and the individuals, laboratory and testing companies responsible processing and reviewing plaintiff's drug test. Id. at *1. In granting the petrochemical plant owner's Rule 12(b)(6) motion to dimiss, the Tilson court "look[ed] only to well-pleaded facts concerning [that defendant's] alleged misconduct" and not the collective allegations against all defendants. Id. at *2.

Scott's second amended complaint is much more straightforward than the plaintiffs' complaints in Cain and Tilson, which involved collective allegations and claims against a broad array of defendants with distinct roles and identities. At the beginning of Scott's second amended complaint, he states that he was "hired by Defendants as their Head Cook in October of 2014" and identifies Crosby and Wood Group as his employers "[a]t all times relevant to the allegations contained in this Complaint." Record Doc. No. 44 at ¶¶ 5–7. The

remainder of the amended complaint consistently refers to Crosby and Wood Group collectively as "defendants."

Plaintiff's motion papers cite the non-binding, but persuasive, Brooks v. Ross, 578 F.3d 574 (7th Cir. 2009), which held that a plaintiff satisfies the Rule 8 standard if "he specifies that he is directing [his] allegation[s] at all of the defendants" and "put[s] the defendants on notice of what exactly they might have done to violate [his] rights under the Constitution, federal law, or state law." Id. at 582. Plaintiff's amended complaint clearly directs all allegations and theories of liability against both Crosby and Wood Group in their capacities as Scott's alleged joint employers.

 For the above reasons, I find that plaintiff's use of collective pleading in his amended complaint gives adequate notice to Crosby and Wood Group of the claims asserted against them in their capacities as plaintiffs' alleged joint employers. If the evidence ultimately shows that one defendant was not plaintiff's actual employer, then Crosby and/or Wood Group may file a motion for summary judgment on that basis. Soriano v. Gulf Coast Lift, LLC, 2014 WL 949145, at *6 (E.D. La. Mar. 11, 2014).

     (C)    Plaintiff's ADA Claims Are Timely and Exhausted

As stated above, plaintiff filed an EEOC charge of discrimination alleging that employers Crosby and Wood Group terminated him on the basis of disability in violation of the ADA. Record Doc. No. 1-1 at p. 17. Wood Group argues that plaintiff's ADA claims in this matter should be dismissed because (1) Wood Group did not receive notice or opportunity to respond to plaintiff's EEOC charge; (2) plaintiff untimely asserts these claims

for the first time in the amended complaint; and/or (3) plaintiff fails to specifically allege

exhaustion of administrative remedies in his amended complaint. Record Doc. No. 46-1 at

pp. 6–8.

    (1)    <u>Lack of Notice or Opportunity to Respond to EEOC Charge</u>

    Wood Group argues that plaintiff's ADA claims against it should be dismissed

because it never received notice or opportunity to respond to plaintiff's EEOC charge of

discrimination and the EEOC-related documents were "only addressed to Crosby at Crosby's

location." <u>Id.</u> at p. 7. In support of this argument, Wood Group cites several cases in which

courts dismissed the plaintiffs' claims for failure to exhaust administrative remedies against

defendants **who were not named** in the plaintiffs' EEOC charges. <u>Canon v. Bd. of Trustees</u>

<u>of State Institutions of Higher Learning of Mississippi</u>, 133 F. Supp. 3d 865, 875 (S.D. Miss.

2015); <u>E.E.O.C. v. Simbaki, Ltd.</u>, 767 F.3d 475, 481 (5th Cir. 2014), <u>as revised</u> (Sept. 18,

2014); <u>Hartz v. Administrators of Tulane Educ. Fund</u>, 275 F. App'x 281, 286 (5th Cir. 2008);

<u>Dunn v. Uniroyal Chem. Co.</u>, 192 F. Supp. 2d 557, 561 (M.D. La. 2001); <u>Way v. Mueller</u>

<u>Brass Co.</u>, 840 F.2d 303, 307 (5th Cir. 1988). However, the cases cited above are

distinguishable from this one because Scott's EEOC charge **specifically names Wood**

**Group** as one of the two employers who allegedly discriminated against him. Record Doc.

No. 1-1 at p. 17.

    "The scope of a lawsuit on an ADA claim is limited to the scope of the prior EEOC

investigation and what can reasonably be expected to develop from an EEOC Claim."

<u>E.E.O.C. v. Res. for Human Dev., Inc.</u>, 827 F. Supp. 2d 688, 697 (E.D. La. 2011) (citing

Randel v. U.S. Dep't of the Navy, 157 F.3d 392, 395 (5th Cir. 1998). "However, the scope is not 'limited to the exact charge brought to the EEOC.'" Id. (quoting Young v. City of Houston, 906 F.2d 177, 179 (5th Cir. 1990)). "The Fifth Circuit has held that courts should 'construe employment discrimination charges with the "utmost liberality,"' given that most EEOC filings are not prepared by lawyers." Id. (quoting Price v. Sw. Bell Telephone Co., 687 F.2d 74, 78 (5th Cir.1982)). "On a Rule 12(b)(6) motion, a district court generally 'must limit itself to the contents of the pleadings, including attachments thereto.'" Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp., 748 F.3d 631, 635 (5th Cir. 2014) (quoting Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).

Scott's EEOC charge of discrimination adequately references Wood Group as an employer who allegedly discriminated against him on the basis of disability. Because the court's review at the motion to dismiss stage of this lawsuit is limited to the contents of the pleadings and their attachments, I cannot conclude that Wood Group failed to receive notice or opportunity to respond to plaintiff's EEOC discrimination charge.

(2)    Disability Discrimination Claims Timely Under ADA Statute of Limitations

The ADA incorporates by reference the procedures applicable to Title VII actions such that "a civil action must be commenced 'within ninety days' after the charging party has received a 'right-to-sue' letter from the EEOC or state or local agency." Dao v. Auchan Hypermarket, 96 F.3d 787, 789 (5th Cir. 1996) (quoting 42 U.S.C. § 2000e-5(f)(1)) (citing 42 U.S.C. § 12117(a)). The EEOC mailed Scott his right to sue letter on May 30, 2018. Record Doc. No. 1-1 at pp. 14–16. Plaintiff filed his original pro se petition in state court on

August 29, 2018, within 90 days of the mailing date – the earliest date Scott possibly could have "received" the right to sue letter. <u>Id.</u> at p. 1.

Wood Group acknowledges in its motion papers that Scott filed his state court lawsuit within 90 days of receipt of his right to sue letter. Record Doc. No. 46-1 at p. 7. However, Wood Group argues that plaintiff's original pro se petition did not sufficiently allege disability discrimination and that plaintiff's amended complaint "is the <u>first pleading</u> he has submitted that alleges disability discrimination purportedly occurring in October 2017." <u>Id.</u> at p. 6 (emphasis in original). Wood Group contends that because plaintiff's original petition did not toll the ADA's 90-day statute of limitations, plaintiff's ADA claims are prescribed. <u>Id.</u> at pp. 6–8. In the alternative, Wood Group argues that even assuming plaintiff's original state court petition tolled the ADA's 90-day statute of limitations, plaintiff's ADA claims prescribed when plaintiff failed timely to re-allege them in his amended petition as ordered by the state court on January 10, 2019. <u>Id.</u> at p. 7.

Scott was a pro se plaintiff for the entirety of his state court proceedings. "A document filed pro se is to be liberally construed . . . and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." <u>Clark v. LeBlanc</u>, 2011 WL 825018, at *1 (M.D. La. Feb. 10, 2011), <u>report and recommendation approved</u>, 2011 WL 810813 (M.D. La. Mar. 2, 2011) (citing <u>Erickson v. Pardus,</u> 551 U.S. 89, 94 (2007)) (internal quotations omitted). However, even a pro se complainant must plead "factual matter" that allows the court to infer "more than the mere possibility of misconduct." <u>Iqbal,</u> 556 U.S. at 678–79. The court need not accept "a legal

-12-

conclusion couched as a factual allegation," or "naked assertions [of unlawful misconduct] devoid of further factual enhancement." Id. at 678. "On a Rule 12(b)(6) motion, a district court generally 'must limit itself to the contents of the pleadings, including attachments thereto.'" Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp., 748 F.3d 631, 635 (5th Cir. 2014) (quoting Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000)). In an ADA employment discrimination case filed by a pro se plaintiff, one court in this circuit found that it must "examine[] [the pro se plaintiff's] discrimination charges carefully to flesh out Plaintiff's complaint" before ruling on the defendant employer's motion for summary judgment. Williamson v. Am. Nat. Ins. Co., 695 F. Supp. 2d 431, 458 n.20 (S.D. Tex. 2010).

Plaintiff's original petition does not explicitly refer to the ADA in the pleading itself, however, Scott references and attaches as supporting exhibits his EEOC charge of disability discrimination and his right to sue letter. Record Doc. No. 1-1 at pp. 1, 14–17. Plaintiff's EEOC charge unequivocally alleges that Crosby and Wood Group "discriminated against [Scott] based on [his] disability in violation of the Americans with Disabilities Act as amended." Id. at p. 17. Scott's original pro se petition further alleges that he developed "problems" and "swelling of [his] feet" as a direct result of his employment with defendants and was "under [a doctor's] care for treatment of Gout." Id. at p. 2.

Plaintiff's amended state court petition, timely filed on August 21, 2019, after receiving several extensions of time to amend, does not specifically refer to the ADA but incorporates by reference plaintiff's EEOC charge of disability discrimination and right to

sue letter attached to his original petition. Id. at p. 74. Scott alleges in his amended petition that during his employment as head cook, defendants "ascertained and acknowledged plaintiff developed (a job-related) medical problem with his feet as he apparently sought medical treatment offshore on the platform on several occasions." Id. Scott further states that he had been visiting a doctor for treatment of his feet. Id. at p. 75. The amended petition alleges that Wood Group and Crosby violated plaintiff's Fourteenth Amendment rights, including his "fundamental right protected by [the] Equal Protection Clause prohibiting intentional acts treating him differently from other who are/were similarly situated." Id. at pp. 76–77.

Considering the liberal construction afforded to the pleadings of pro se plaintiffs, I find that the contents of plaintiff's original state court petition, timely amended in compliance with the state court's order, coupled with plaintiff's references to his EEOC-related attachments, were sufficient to plead tolling of the ADA's 90-day statute of limitations. Thus, for Rule 12(b)(6) purposes, plaintiff adequately alleges timely assertion of his ADA claims in his second amended complaint filed on March 31, 2020.

(3)    ADA Claims Administratively Exhausted

Wood Group argues that plaintiff's ADA claims should be dismissed for failure to specifically allege exhuaustion of administrative remedies, citing Hoffman v. Boeing, 596 F.2d 683, 685 (5th Cir. 1979), a Title VII case in which the court held that "[a] judicial complaint that fails to allege exhaustion of administrative remedies . . . is properly subject to dismissal." Id. at 685. The Hoffman holding is cited in several recent district court

-14-

decisions in this circuit. <u>Jones v. City of Monroe</u>, 2019 WL 5488603, at *9 (W.D. La. Oct.

8, 2019), <u>report and recommendation adopted</u>, 2019 WL 5491922 (W.D. La. Oct. 24, 2019);

<u>Williams v. Clegg's Nursery</u>, LLC, 2016 WL 3702978, at *5 (M.D. La. July 7, 2016);

<u>Johnson v. U.S. Postal Serv.</u>, 2016 WL 791076, at *1–2 (N.D. Tex. Jan. 27, 2016). However,

review of the <u>Hoffman</u> line of cases reveals that the instant lawsuit is distinguishable in that

**the record of this matter includes the EEOC charge of discrimination and right to sue**

**letter establishing that plaintiff did in fact exhaust his administrative remedies under**

**the ADA.** Record Doc. No. 1-1 at pp. 14–17. But for plaintiff's counsel's ministerial failure

to incorporate by reference the EEOC-related documents attached to plaintiff's original state

court petition, the amended complaint would adequately allege exhaustion of administrative

remedies under <u>Hoffman</u>.

Accordingly, IT IS ORDERED that no later than June 19, 2020, plaintiff must amend

his complaint to specifically allege that he exhausted administrative remedies under the ADA

in accordance with the Fifth Circuit precedent cited above and incorporate by reference the

EEOC-related documents already in the record of this matter.

(D)   <u>Prima Facie ADA Claims</u>

Defendants Crosby and Wood Group argue that plaintiff's amended complaint fails

to state a prima facie claim for relief for discriminatory termination under the ADA. Record

Doc. Nos. 45-1 at pp. 6–8; 46-1 at pp. 3–5. The ADA prohibits an employer from

discriminating against a "qualified individual with a disability on the basis of that disability."

42 U.S.C. § 12112(a). An individual is "disabled" under the ADA if he (1) has a physical or

mental impairment that substantially limits one or more major life activity; (2) has a record of such an impairment; or (3) is regarded as having such an impairment. 42 U.S.C. § 12102(1). An individual meets the requirement of being "regarded" as having such an impairment if his impairment has an actual or expected duration of more than six months and the individual establishes that he has been subjected to an action prohibited under the ADA "because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." 42 U.S.C. § 12102(3).

"To establish a prima facie discrimination claim under the ADA, a plaintiff must prove: (1) that he has a disability; (2) that he was qualified for the job; [and] (3) that he was subject to an adverse employment decision on account of his disability." E.E.O.C. v. LHC Grp., Inc., 773 F.3d 688, 697 (5th Cir. 2014) (quoting Zenor v. El Paso Healthcare Sys., Ltd., 176 F.3d 847, 853 (5th Cir. 1999).

Plaintiff's amended complaint alleges that he was disabled and/or regarded as being disabled by his employers as a result of the gout in his left foot. Plaintiff states that he developed gout while working for defendants, which "substantially limited several major life activities, including his ability to stand and walk." Record Doc. No. 44 at ¶ 40. Specifically, plaintiff states that he "developed an excruciating pain in his left foot around February and/or March of 2017," "[t]he pain was so unbearable that Mr. Scott's supervisors and co-workers would often see him with a pronounced and visible limp at work" and that he occasionally needed assistance from his co-workers to travel up and down workplace stairs. Id. at ¶¶ 11–13. In addition, plaintiff alleges that he visited the medic on his work rig approximately

12 times in 2017 to seek treatment for his foot and "was regularly prescribed anti-inflammatory medications to help with the chronic swelling and pains in his foot." Id. at ¶¶ 15–16. Plaintiff further states that the medic advised him to "sit down and stay off of his feet as much as possible." Id. at ¶ 18. Scott alleges that employers Crosby and Wood Group were made aware of his gout. Id. at ¶ 21.

To be considered "qualified" for a particular job under the ADA, a plaintiff must allege that he is an individual who can perform the essential functions of the employment position with or without reasonable accommodation. Shirley v. Precision Castparts Corp., 726 F.3d 675, 678 (5th Cir. 2013) (citing 42 U.S.C. § 12111(8)). Scott's amended complaint alleges his job qualifications by stating that he worked as a chef on offshore oil rigs for more than three decades before defendants hired him as their head cook in October 2014. Record Doc. No. 44 at ¶ 7. He further states that before his termination he was never disciplined in any manner, that defendants and their employees thought highly of him and his cooking ability and that he successfully performed his job duties in a matter approved by defendants, despite the fact that the pain in his left foot made standing and walking difficult. Id. at ¶¶ 10–11, 14.

Plaintiff alleges that he suffered an adverse employment decision when defendants terminated his employment on account of his gout and that defendants "attempted to conceal the discriminatory conduct with faulty results of a drug test — claiming that Mr. Scott's termination was not related to his disability." Id. at ¶¶ 43–44. Wood Group's argument that

plaintiff did not allege facts asserting he was subjected to an adverse employment action because of his disability is therefore without merit. Record Doc. No. 46-1 at pp. 4–5.

Plaintiff further alleges that he suffered disparate treatment under the ADA when defendants did not terminate similarly situated employees with positive drug test results who were not disabled and/or regarded as disabled. Record Doc. No. 44 at ¶ 44. "[C]laims under [the ADA] allow a showing of causation by disparate treatment, that is, by comparison with employees outside the protected class." Hoffman v. Baylor Health Care Sys., 597 F. App'x 231, 235 (5th Cir. 2015) (citing Raytheon Co. v. Hernandez, 540 U.S. 44, 53 (2003) (disparate treatment claims "cognizable under the ADA"). A plaintiff alleging a prima facie case of disparate treatment must plead that he "was treated less favorably than others similarly situated outside of his protected class." Alkhawaldeh v. Dow Chem. Co., 851 F.3d 422, 426 (5th Cir. 2017).

Crosby argues that dismissal of plaintiff's ADA claims is appropriate because plaintiff failed to establish that defendants' stated reason for his termination was pretextual. Record Doc. No. 45-1 at p. 7. However, this argument is without merit because establishing pretext for an adverse employment action is not a prima facie element of an employment discrimination claim under the ADA. See LHC Grp., Inc., 773 F.3d at 697. Even if plaintiff were required to allege pretext at the pleading stage, his second amended complaint does so in alleging that defendants cited the allegedly faulty drug test results "to conceal the discriminatory conduct" of terminating of plaintiff based on his gout. Record Doc. No. 44 at ¶ 44.

-18-

For the foregoing reasons, defendants' motions to dismiss plaintiff's ADA claims are DENIED. Plaintiff has adequately stated a prima facie claim for relief for discriminatory termination and disparate treatment under the ADA in his amended complaint.

(E)    State Law Vicarious Liability Claims

Scott alleges that Crosby and Wood Group are vicariously liable for Advance's negligence "when [Advance] conducted Plaintiff's drug test without adequate care and caution, including but not limited to its failure to conform with industry standards and/or best practices." Id. at ¶ 51. Defendants argue that plaintiff's second amended complaint fails to state a claim for vicarious liability under Louisiana law. Record Doc. Nos. 45-1 at pp. 8–12; 46-1 at pp. 8–9.

La. Civ. Code art. 2320 provides that "[m]asters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed." "A 'servant,' as used in the Civil Code, 'includes anyone who performs continuous service for another and whose physical movements are subject to the control or right to control of the other as to the manner of performing the service.'" Doe v. Mckesson, 945 F.3d 818, 825 (5th Cir. 2019) (quoting Ermert v. Hartford Ins. Co., 559 So. 2d 467, 476 (La. 1990)). "[G]enerally, a principal is not liable for the offenses committed by an independent contractor while performing its contractual duties." Thompson v. Winn-Dixie Montgomery, Inc., 181 So.3d 656, 665 (La. 2015). "Louisiana recognizes two exceptions to this rule. A principal will be liable for the offenses of an independent contractor (1) 'where the work is ultra-hazardous' or (2) 'if the principal reserves the right to supervise or control

the work of the independent contractor.'" <u>Kansas City S. Ry. Co. v. DSK Ltd.</u>, 751 F. App'x 404, 410 (5th Cir. 2018) (citing <u>Thompson</u>, 181 So.3d at 665).

Plaintiff's second amended complaint alleges that "Defendants [Crosby and Wood Group] hired, as an independent contractor, Advance to administer and/or process Plaintiff's drug test." Record Doc. No. 44 at ¶ 54. He further alleges that Crosby and Wood Group "controlled and supervised, and/or had the right to control and supervise, the testing conducted by Advance and the procedure by which those tests and policies of Advance are carried out." <u>Id.</u> at ¶ 29. Plaintiff alleges that "the individuals that conducted the drug test—both by taking a urine sample and by swabbing under his tongue—at all times were employees and/or agents of Defendants" Crosby and Wood Group. Although plaintiff's amended complaint is unclear as to which entity conducted the drug test, the pleading adequately alleges that Crosby and Wood Group had supervision and/or control over Advance's actions as an independent contractor in processing the drug test.

For the foregoing reasons, defendants' motions to dismiss plaintiff's state law vicarious liability claims are DENIED.  Plaintiff has adequately stated a claim for relief under La. Civ. Code art. 2320 for Advance's alleged negligence as defendants' independent contractor in processing plaintiff's drug test.

As provided above, no later than June 19, 2020, plaintiff must amend his complaint to specifically allege that he exhausted administrative remedies under the ADA in accordance with the Fifth Circuit precedent cited above and incorporate by reference the EEOC-related documents already in the record of this matter.

New Orleans, Louisiana, this _____18th_____ day of May, 2020.


JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE