UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JEROME SCOTT | * | CIVIL ACTION |
| VERSUS | * | NO. 19-12736 |
| CROSBY ENERGY SERVICES, ET AL. | * | MAG. JUDGE CURRAULT |

**ORDER AND REASONS**

Plaintiff Jerome Scott's Motion to Recuse (ECF No. 88) is pending before me in this matter. No party requested oral argument in accordance with Local Rule 78.1, and the Court agrees that oral argument is unnecessary. Having considered the record, the submissions and arguments, and the applicable law, Plaintiff's motion is DENIED for the reasons stated herein.

## I.    BACKGROUND

Plaintiff filed this disability discrimination and state law tort suit against Crosby Energy Services and Wood Group PSN. ECF No. 59. Plaintiff is a 65-year old African American who worked as a chef on offshore oil rigs for over three decades before being hired by Defendants as their head cook in 2014. ECF No. 59, P 7, at 2. Beginning in 2017, he began to experience excruciating pain in his left foot and saw the onsite medic approximately 12 times, after which the medic advised he would no longer be able to prescribe additional medications and Plaintiff needed to see his own doctor when he returned onshore. *Id.* PP 11-20. Plaintiff then saw his own physician who diagnosed him with gout. *Id.* P 21, at 4.

Plaintiff was later transferred to a new platform. After his first shift on the new platform, he and dozens of other workers were required to take a drug test. *Id.* PP 22-23, at 4. The day before his scheduled return to work on that platform, Plaintiff was informed that he failed the drug test. *Id.* P 29, at 4. Plaintiff disagreed with the result and obtained two later drug tests, both of

which were negative.  *Id.* ¶¶ 30-31, at 5.  Plaintiff contends that Defendants did not consider his negative drug tests because of his disability and that they regarded him as disabled.  *Id.* ¶ 34, at 5.

Plaintiff filed a Motion for Appointment of Counsel (ECF No. 16).  On December 4, 2019, after recognizing that counsel from the Civil Pro Bono Panel must not be appointed as a matter of course or ordinary practice because there is no right to appointment of counsel in civil cases,[1] Judge Wilkinson nevertheless granted the request for counsel and asked the Civil Pro Bono panel to appoint counsel.  ECF No. 26.  A volunteer attorney with the Civil Pro Bono Panel, Kenneth Bordes, enrolled as counsel for Plaintiff.  *Id.*  Mr. Bordes proceeded to represent Plaintiff for more than a year.  During that time, he successfully opposed motions to dismiss, filed Amended Complaints, attended scheduling conferences, negotiated a protective order, propounded and responded to discovery, and resolved discovery disputes.  *See, e.g.*, ECF Nos. 41, 44, 55, 59, 77.

In the course of that representation, Mr. Bordes represented Plaintiff during a settlement conference with Magistrate Judge North, which conference resulted in a settlement.  ECF No. 74.  All scheduling deadlines were terminated and the Court issued a conditional order of dismissal.  ECF No. 75.  Plaintiff subsequently refused to consummate the settlement.  Mr. Bordes moved to withdraw as Plaintiff's counsel, citing professional considerations that he could not disclose consistent with Rule 1.16 of the Louisiana Rules of Professional Responsibility.  ECF No. 77, ¶ 6, at 2.  Finding Bordes' motion in order and considering that no trial date or other deadlines existed at that time, this Court granted the motion to withdraw.  ECF No. 78.

Plaintiff filed a Response/Objection to this Court's Order granting the motion to withdraw.  This filing accuses Mr. Bordes of professional misconduct and clearly reflects Plaintiff's dissatisfaction with Mr. Bordes' representation and Plaintiff's refusal to accept his counsel's

---

[1] Resolution of the En Banc Court ¶ (3)(e) (E.D. La. Apr. 22, 2014) (citing *Hadd v. LSG-SkyChefs*, 272 F.3d 298, 301 (5th Cir. 2001); *Castro v. Becken*, 256 F.3d 349, 353–54 (5th Cir. 2001)).

recommendations.  It also unquestionably demonstrates the existence of an irreconcilable conflict between Plaintiff and Mr. Bordes.  ECF Nos. 81, ⁋ 3, n.2, n.3, at 2; 81-1.  Accordingly, this Court overruled Plaintiff's objections to the decision to allow Mr. Bordes to withdraw.  ECF No. 83.

A scheduling conference on March 11, 2021 established new trial and pretrial deadlines. ECF No. 82.  During that conference, the parties agreed on a date for Plaintiff's deposition, but Plaintiff failed to appear for his deposition on the scheduled date despite receiving proper notice. See ECF Nos. 86, 87.

Plaintiff has now filed a Motion to Recuse the undersigned pursuant to 28 U.S.C. § 144 and § 455(a)(b)(1).  ECF No. 88.  Plaintiff alleges that the undersigned has a personal bias against him and has "deliberately hindered pertinent evidence, . . . refused to provide due process and equal protection, behaving in a manner inconsistent with that which is needed for a full, fair and impartial proceedings" and that remarks and judgments reflect a deep-seated favoritism and antagonism that would and has made fair judgment impossible.  ECF No. 88, at 1.  In his attached declaration, Plaintiff again focuses on his objection to this Court's decision to allow Mr. Bordes to withdraw from the representation.  ECF No. 88-1, at 2.  On the basis of that decision and the overruling Plaintiff's objections to same, Plaintiff contends that the undersigned is prejudiced against him and in favor of the opposing parties.  *Id.* at 2-3.

## II.  <u>LAW AND ANALYSIS</u>

Two statutes primarily govern the recusal of judges from district court proceedings, 28 U.S.C. § 144 and 28 U.S.C. § 455.[2]  Different procedures govern recusals under § 144 and § 455.

---

[2] *Price v. Irons*, No. 19-11451, 2020 WL 3051897, at *2 (E.D. La. June 8, 2020) (citing 13D CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3541 (3d ed. Apr. 2020 update)), *aff'd*, 832 F. App'x 904 (5th Cir. 2021).

Under Section 144,[3] a party must file a timely and sufficient affidavit regarding the alleged personal bias or prejudice either against him or in favor of any adverse party, which in part must "state the facts and the reasons for the belief that bias or prejudice exists," and must attach "a certificate of counsel of record stating that [the motion] is made in good faith."[4]  Section 455,[5] on the other hand, does not require such an affidavit.

The mere filing of a motion to recuse under § 144, however, does not automatically trigger the appointment of another judge.[6]  A "judge must pass on the legal sufficiency of the affidavit"— that is, whether "it alleges facts that, if true, would convince a reasonable person that bias exists"— "but not on the truth of the matters alleged."[7]  The recusal decision is "extremely fact intensive and fact bound,"[8] and it is committed to the sound discretion of the court.[9]  The preferred procedure is for the judge to whom the motion is directed to determine the sufficiency of the affidavit, rather

---

[3] Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias and prejudice either against him or in favor or any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists. . . . It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

[4] *Price*, 2020 WL 3051897, at *2 (quotations and citations omitted).

[5] Section 455(a) provides: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).  Subsection (b) enumerates specific scenarios in which a judge must recuse herself.  Under Section 455(b)(1), for instance, a judge must disqualify herself "[w]here[s]he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1).

[6] *Jackson v. Andrews*, No. 00-2534, 2000 WL 1843514, at *2 (E.D. La. Dec. 14, 2000) (citing *Berger v. United States*, 41 S. Ct. 230, 232–33 (1921)).

[7] *Price*, 2020 WL 3051897, at *2 (citing *Chitimacha Tribe of La. v. Harry L. Laws Co.*, 690 F.2d 1157, 1165 (5th Cir. 1982)).

[8] *U.S. v. Jordan*, 49 F.3d 152, 157 (5th Cir. 1995).

[9] *In re Chevron U.S.A., Inc.*, 121 F.3d 163, 165 (5th Cir. 1997); *see also Chitimacha*, 690 F.2d at 1166.

than transferring the motion to another judge for that preliminary determination.[10]  Consequently, this Court will "pass on the sufficiency of the affidavit."[11]

"A legally sufficient affidavit must: (1) state material facts with particularity; (2) state facts that, if true, would convince a reasonable person that a bias exists; and (3) state facts that show the bias is personal, as opposed to judicial, in nature."[12]  Plaintiff's declaration fails to satisfy this standard.  At most, Plaintiff alleges that the undersigned was "unaware of such authentic aforementioned conflicts between Bordes and Scott" and granted the motion to withdraw "without knowing, nor hearing the facts" that Scott caught his former counsel "violating several Louisiana Rules of Professional Conduct . . . ."[13]  Plaintiff then alleges that the undersigned's "fail[ure] to investigate both sides . . . constitutes bias and prejudice."[14]  Even if taken as true, these statements would not convince a reasonable person that bias exists and that such bias is personal, as opposed to judicial, in nature.

Additionally, Plaintiff fails to meet another requirement of § 144.  Specifically, a § 144 motion must be accompanied by "a certificate of counsel of record stating that it is made in good faith."  28 U.S.C. 144.  Although Plaintiff attaches a declaration, he does not attach the required certification.  Additionally, numerous courts have held that a pro se litigant cannot obtain disqualification under § 144 because a pro se litigant is unable to meet the plain language of the statute by providing the required certificate of counsel of record.[15]

---

[10] *Price*, 2020 WL 3051897, at *3 (citation omitted); *Chitimacha Tribe of La. v. Harry L. Laws Co*., 690 F.2d 1157, 1162 (5th Cir. 1982) ("The challenged judge is most familiar with the alleged bias or conflict of interest. He is in the best position to protect the nonmoving parties from dilatory tactics.").

[11] *Id.* (citing *Patterson*, 335 F.3d at 483).

[12] *Patterson v. Mobil Oil Corp*., 335 F.3d 476, 483 (5th Cir. 2003).

[13] ECF No. 88-1, at 2.

[14] *Id.*

[15] *See, e.g., Price*, 2020 WL 3051897, at *3; *see also McCoy v. SC Tiger Manor, LLC*, No. 19-723, 2021 WL 647376 (M.D. La. Jan. 28, 2021) (citing *Williams v. Magnolia Café*, No. 18-1020, 2019 WL 7343507, at *2 (M.D. La. Dec. 30, 2019) (finding "recusal under § 144 is not applicable" because "a pro se litigant cannot meet the plain language of the statute requiring 'a certificate of counsel of record stating that it [the affidavit in support of recusal] is made in

Despite their procedural differences, substantively, a motion to recuse under § 144 and the judge's duty to recuse herself under § 455 are "'quite similar, if not identical.'"[16]  Recusal under § 455(a) and (b)(1), require the movant to "(1) demonstrate that the alleged comment, action, or circumstance was of "extrajudicial" origin, (2) place the offending event into the context of the entire trial, and (3) do so by an 'objective' observer's standard.'"[17] The relevant inquiry is "'whether a reasonable and objective person, knowing all of the facts, would harbor doubts concerning the judge's impartiality.'"[18]  To warrant recusal, the alleged bias "must be personal and 'must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from [her] participation in the case.'"[19]  Information gained through the role as judge in the case cannot be the basis for disqualification.[20]  Views that are not extrajudicial—that is, those "formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings"— "do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."[21]

---

good faith'"); *Gibson v. Gusman*, No. 14-2273, 2014 WL 6469507, at *3 (E.D. La. Nov. 17, 2014) (concluding that "a pro se litigant may not use 28 U.S.C. § 144 as a means to seek recusal"); *Larsen v. "Eleged" Fish & Wildlife Serv. or Outlaws*, No. 04-1919, 2004 WL 1698670, at *1 (E.D. La. July 28, 2004) ("§ 144 is inapplicable in the case of a pro se litigant").

[16] *Id.* (citing *United States v. York*, 888 F.2d 1050, 1053 (5th Cir. 1989) (quoting *Chitimacha*, 690 F.2d at 1165)).

[17] *Sanders v. Christwood, L.L.C.*, No. 17-9733, 2020 WL 7417995, *4 (E.D. La. Dec. 18, 2020) (citing *Casby v. St. Charles Par. Sheriff's Off.*, 2014 WL 6684947, at *2 (E.D. La. Nov. 25, 2014) (quoting *Andrade v. Chojnacki*, 338 F.3d 448, 455 (5th Cir. 2003))).

[18] *See Tejero v. Portfolio Recovery Assocs., L.L.C.*, No. 18-50661, 2020 WL 1671558, at *8 (5th Cir. Apr. 6, 2020) (quoting *Jordan*, 49 F.3d at 155); *see also Chitimacha*, 690 F.2d at 1165; *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 38 F.3d 1404, 1408 (5th Cir. 1994); *Matter of Hipp, Inc.*, 5 F.3d 109, 116 (5th Cir. 1993).  For close decisions, "the balance tips in favor of recusal." *In re Chevron U.S.A., Inc.*, 121 F.3d 163, 165 (5th Cir. 1997) (quotation omitted).

[19] *Matter of Hipp, Inc.*, 5 F.3d 109, 116 n. 24 (5th Cir. 1993) (quoting *United States v. Grinnell*, 384 U.S. 563, 583 (1966)); accord *Barnes*, 909 F.2d 1059, 1072 (7th Cir. 1990).

[20] *Barnes*, 909 F.2d at 1072; *Giorgi*, 840 F.2d at 1035; *Tejero*, 2020 WL 1671558, at *7 (quoting *Liteky v. United States*, 510 U.S. 540, 551 (1994))).

[21] *Id.* (quoting *Liteky*, 510 U.S. at 555).

The required showing must be based on specific facts so as to avoid giving a party a "random veto over the assignment of judges."[22]  Plaintiff neither articulates any material facts nor provides any evidence that would even suggest that this Court has formed some bias or prejudice as a result of extrajudicial sources that results in an opinion on the merits on any basis other than that learned from participation in the case.  Rather, Plaintiff appears to argue that bias and prejudice exists because he disagrees with two of this Court's rulings, first to allow Bordes to withdraw from this pro bono representation and second, to overrule Plaintiff's objection to that decision.  But "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."[23]  Such actions generally do not support recusal "unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."[24]  Indeed, the Fifth Circuit has repeatedly explained that adverse rulings against the defendant in the same or a prior judicial proceeding do not render the judge biased.[25]  These rulings, while adverse, do not reflect a high degree of antagonism as to make fair judgment impossible and do not support a claim of bias.[26]

Nor does the Court find a basis for recusal in any of the enumerated provisions of § 455(b).  Plaintiff presumably invokes § 455(b)(1) by arguing bias and prejudice.  But for the same reasons that there is no basis for recusal due to impartiality, there is no basis for recusal due to plaintiff's subjective belief of bias or prejudice. In short, the Court finds no reasonable basis supporting disqualification, especially given the absence of grounds for the Court's views to be extrajudicial. The Court also does not find a basis for recusal based on any of § 455's other provisions.

[22] *Capizzo v. State of Louisiana*, No. 99-138, 1999 WL 539439, at *1 (E.D. La. July 22, 1999) (citation omitted).
[23] *Liteky*, 510 U.S. at 555.
[24] *Id.*
[25] *United States v. MMR Corp.*, 954 F.2d 1040, 1045 (5th Cir.1992); *United States v. Reeves*, 782 F.2d 1323, 1325 (5th Cir. 1986)); *Matter of Hipp, Inc.*, 5 F.3d at 116.
[26] *United States v. Alexander*, 726 F. App'x 262, 263 (5th Cir. 2018) (citing *Liteky*, 510 U.S. 540 at 555).

### III.    **CONCLUSION**

Plaintiff, as a pro se litigant, cannot provide the required certificate of counsel as necessary to seek recusal under the plain terms of § 144.  Even if he could, Plaintiff has not established personal bias or prejudice stemming from an extrajudicial source and resulting in an opinion on the merits on some basis other than what the judge learned participation in the case.  In short, Plaintiff has not provided facts or evidence necessary to establish that a reasonable and objective person, knowing all of the facts, would harbor doubts concerning the judge's impartiality in this case.  Disqualification under either § 144 or § 455 is improper.

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff's Motion to Recuse (ECF No. 88) is DENIED.

New Orleans, Louisiana, this 28th day of May, 2021.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE