**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| JEROME SCOTT,<br>Plaintiff,<br><br>v.<br><br>CROSBY ENERGY SERVICES, ET AL.,<br>Defendant. | CASE NO. 2:19-cv-12736<br><br>MAG. JUDGE DONNA PHILLIPS CURRAULT |

**MEMORANDUM IN SUPPORT OF JOINT MOTION FOR SANCTIONS,
EXPEDITED STATUS CONFERENCE, AND CONTINUANCE OF DISPOSITIVE
MOTION AND TRIAL DEADLINES**

**COMES NOW** Defendants Wood Group PSN, Inc. ("Wood") and Crosby Energy Services ("Crosby") (collectively referenced herein as "Defendants"), who respectfully submit this memorandum in support of its motion requesting that the Court sanction Plaintiff Jerome Scott ("Plaintiff") for his refusal to comply with the Court's May 24, 2021 Order compelling him to appear for his deposition. In addition, Defendants request an expedited status conference with the Court to address Plaintiff's refusal to proceed and the pending June 4, 2021 deadline to file dispositive motions and current trial deadlines, as Defendants will be prejudiced if not permitted to take Plaintiff's deposition in advance of the dispositive motion deadline or trial of this matter.

**RELEVANT BACKGROUND**

Defendants filed separate motions to compel Plaintiff's deposition, following his unexcused failure to appear at his Court-scheduled and properly noticed deposition on April 22, 2021. (ECF 86 and 87; *see also* ECF 82.) On May 24, 2021, the Court issued its Order and Reasons compelling Plaintiff to appear for a deposition within the next fourteen days (the "May 24 Order"). (ECF 91.) The May 24 Order further sanctioned Plaintiff in the amount of $500 and warned Plaintiff that "should he fail to attend this second scheduled deposition without substantial

1

justification, he will face severe sanctions which may include a dismissal of his case." (ECF 91 at 4-5.)

Notably, the May 24 Order denied any extension of deadlines as the deposition within the 14 days would occur before the conclusion of discovery. (ECF 91 at 5.)  However, the dispositive motions are set for submission on June 21, 2021, thereby requiring their filing on June 4, 2021 in accordance with L.R. 7.2. (ECF 82 at 1.)   Consistent with their motions to dismiss,[1] the documentary record, and what, upon information and belief, would be deduced from deposition testimony, Defendants have every intention of seeking summary dismissal of this case.  Trial is set to commence on July 19, 2021.

Within minutes of issuance of the May 24 Order, defense counsel contacted Plaintiff to schedule his deposition on June 2 or 3, 2021 (the dates available to both Wood and Crosby counsel) within the 14-day deadline. (Declaration of Allison Fish, attached hereto as **Exhibit A**, at ¶2.) Counsel for Wood explained the Court's ruling in the May 24 Order, i.e. that he sit for a deposition within fourteen days, to which Plaintiff responded he would have to call back. (*Id.* at ¶2-3.) Plaintiff did return the call to counsel for Wood, this time with Wayne Gordon, who this Court will recall from the March 11, 2021 status conference as the non-attorney who the Court had to advise could not participate in the conference as he is not an attorney admitted to practice before this Court. (*Id.* at ¶4.)  Mr. Gordon, a non-lawyer, advised counsel for Wood that he had just come from the courthouse where he filed a motion for preliminary injunction and a temporary restraining order, to stop any deposition from going forward. (*Id.* at ¶5)  To be sure that there could be no misunderstanding of Plaintiff's intent, counsel specifically asked whether Plaintiff was refusing to

---

[1]       Indeed, as the Court (J. Wilkinson) noted in his May 18, 2020 Order on the motions to dismiss,"[i]f the evidence ultimately shows that one defendant was not plaintiff's actual employer, then Crosby and/or Wood may file a motion for summary judgment on that basis." (ECF 55 at 9.)

schedule and attend his deposition; the response was in the affirmative. (*Id.* at ¶8)  The following day, Defendants received Plaintiff's Motion for Preliminary Injunction and TRO. (ECF 92.)

Although not entirely clear,[2] Plaintiff's Motion requests that defendants "refrain from conducting any dispositions [sic], inter alia, involving an unlearned plaintiff…." (ECF 92 at 1.)  In his declaration in support of his Motion, Plaintiff claims he "is entitled to a temporary restraining order requiring defendants to cease dispositions [sic], inter alia, until plaintiff receive [sic] proper guidance from competent and ethical counsel, and to a preliminary injunction requiring defendants to cease all proceedings whereas plaintiff is excused from full compliance with technical procedural rules…." (ECF 92-2 at ¶12.)  Therefore, in this motion, Plaintiff has ostensibly confirmed his verbal refusal to comply with the May 24 Order.

Plaintiff's Motion appears to be requesting appointment of new counsel (or the re-appointment of his withdrawn counsel), citing the First Amendment throughout.  However, as Plaintiff has been informed by Magistrate Judge Wilkinson, "there is no automatic right to the appointment of counsel in civil cases" (ECF 26), as indeed, there is no constitutional right or guarantee to counsel in civil cases. *Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007); *Sanchez v. U.S. Postal Serv.*, 785 F.2d 1236, 1237 (5th Cir. 1986).  Further, in the March 11, 2021 status conference, this Court advised Plaintiff that his previous counsel properly withdrew, and it would not assign him another court appointed lawyer in this civil matter. Stated simply, Plaintiff has already been afforded one more court appointed lawyer than the overwhelming majority of civil litigants ever see, yet he remains dissatisfied.

---

[2]     Plaintiff's Motion makes several misstatements of fact that are important to note.  First, there has been no allegation, despite *numerous* iterations of Plaintiff's complaint, of a workers' compensation claim or attempting to "avoid paying out workers' compensation wages." (ECF 92-1 at 1.)  Second, Wood further disputes (and as is evidenced in the documentary record from both Plaintiff and the defendants) that Wood ever submitted Plaintiff to the drug test in issue, disputes that it received the results from the drug test in issue, disputes that it terminated Plaintiff due to the drug test, and disputes that Plaintiff ever informed Wood of any mix-up. (ECF 92-2; *see also, e.g.,* ECF 1-1 at 7.)

In light of Plaintiff's expressed intention to not comply with the May 24 Order, Defendants respectfully request that Plaintiff be directed to appear for his deposition within 21 days of the Court's order or have his claims against Defendants dismissed with prejudice. It would appear that the May 24 Order with its monetary sanctions and warning of potentially severe sanctions for failure to comply have not convinced Plaintiff to comply with the most basic of requirements of a Plaintiff in a civil lawsuit. Given the already needless expenditure of time and resources and prejudicial delay connected with trying to take Plaintiff's deposition, Defendants request an expedited status conference to address: (i) Plaintiff's refusal to appear for deposition; (ii) his procedurally and substantively improper Motion, and (iii) the prospect of relaxing the current dispositive motion and trial deadlines due to Plaintiff's dilatory and obstructionist tactics. If this matter proceeds without Plaintiff attending his deposition on June 2 or 3, 2021 as he has both verbally and under oath affirmatively stated he will not do, then Defendants would be severely and unduly prejudiced in their ability to adequately brief a dispositive motion by June 4, 2021 or proceed to trial by July 19, 2021.

## LAW AND ARGUMENT

A plaintiff's failure to comply with a district court order to appear for deposition warrants sanctions, ranging from "directing that matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims" and "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence" to "striking pleadings in whole or in part" and "staying further proceedings until the order is obeyed." Fed. R. Civ. P. 37(b). Indeed, such a failure to comply is even grounds for dismissal with prejudice under both Federal Rules of Civil Procedure 37 and

4

41(b), for failure to comply with a discovery order and failure to prosecute, respectively.[3] *Kabbe v. Rotan Mosle, Inc.,* 752 F.2d 1083, 1084 n. 1 (5th Cir. 1985).

Here, Plaintiff failed to appear for his first deposition scheduled by the Court because he "forgot" despite agreeing to appear on the date a month before at a Court-led status conference and receipt of two deposition notices. (ECF 91.)  Then, despite the Court's order to submit to a deposition within fourteen days and direct warning that failure to do so could result in dismissal, Plaintiff verbally and in a pleading stated his intention to refuse to comply with this Court's May 24 Order.  (ECF 91 and 92; Exhibit A.)

Presumably, Plaintiff will cite his *pro se* status as justification for his refusals to comply with the Court's Order.  However, even *pro se* litigants are obliged to obey a discovery order.[4] Moreover, Plaintiff's demands for representation have been overruled, directly explained from the bench and in written Order. (ECF 81, 83.) Plaintiff, however, persists in his overruled belief that he should be appointed counsel and the rest of the case should languish while this individual is found and retained. (ECF 92.[5])  Of import, Plaintiff did not protest being deposed without legal representation during the Court status conference when the first deposition was explained and

---

[3]      Courts have dismissed *pro se* plaintiffs' actions for refusing to appear for their depositions. *See, e.g., Kabbe*, 752 F.2d at 1084; *Pegues v. PGW Auto Glass, L.L.C.*, 451 Fed. Appx. 417, 418 (5th Cir. 2011); *Wright v. Robinson,* 113 Fed. Appx. 12, 15-16 (5th Cir. 2004) (affirming district court's dismissal of the case for pro se plaintiff's failure to cooperate with discovery process and his intentional delay that caused actual prejudice to the defendants); *Sandres v. Louisiana Div. of Admin.*, 551 Fed. Appx. 95 (5th Cir. 2013) (affirming Rule 37 dismissal of *pro se* plaintiff's case for repeated failure to attend her deposition).

[4]      *See, e.g., Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Morton v. Harris*, 628 F.2d 438, 440 (5th Cir. 1980); *Meyers v. Jefferson Par. Sheriff's Off.,* No. CV 19-5094, 2021 WL 1894862, at *4 (E.D. La. May 11, 2021); *Daniel v. Allstate Ins. Co.*, Civil Action No. 12-2933, 2013 WL 1856156, at *2 (E.D. La April 30, 2013) ("[L]iberal construction given to a *pro se* brief is the only special treatment afforded *pro se* plaintiffs by the court. *Pro se* plaintiffs are otherwise required to know their legal rights and abide by all applicable procedural rules....") (internal quotation marks and citations omitted).

[5]      Much of Plaintiff's Motion focuses on his issues with his previously appointed counsel.  These, however, are not appropriately addressed in this matter which is about Plaintiff's employment-related claims against Wood and Crosby.  "The mistakes of counsel in civil litigation are chargeable to the client, however, irrespective of how unfair this may seem." *Wright v. Robinson*, 113 F. App'x 12, 15–16 (5th Cir. 2004), citing *Pryor v. United States Postal Serv.,* 769 F.2d 281, 288 (5th Cir.1985).

scheduled.  He further has not stated any reasons for refusing now other than allegedly being "unlearned" which does not preclude him from telling his story at a deposition.

Mindful of the already needless expenditure of time and efforts and ongoing delays due to Plaintiffs' persistent recalcitrance, Defendants respectfully request a status conference where these matters can be discussed, as well as, Defendants' impaired ability to submit dispositive motions by the current June 4, 2021 deadline.

## CONCLUSION

Due to Plaintiff's refusal to comply with the May 24 Order compelling his deposition, which in turn precludes Defendants from being able to comply with the May 24 Order regarding current deadlines, Plaintiff should be sanctioned as befits the situation and as necessary to ensure his cooperation going forward.  Defendants also respectfully request an expedited status conference to address: (i) Plaintiff's refusal to appear for deposition; (ii) his procedurally and substantively improper Motion, and (iii) the prospect of relaxing the current dispositive motion and trial deadlines due to Plaintiff's dilatory and obstructionist tactics.  Plaintiff should also be assessed fees and costs incurred by Defendants in seeking Plaintiff's cooperation and filing of this motion.

Respectfully submitted,

*/s/ Allison A. Fish*
**THE KULLMAN FIRM**
**A PROFESSIONAL CORPORATION**
Rachel E. Linzy (LSBA 29317)
Allison A. Fish (LSBA 36456)
1100 Poydras Street, Suite 1600
New Orleans, Louisiana 70163

Telephone: (504) 524-4162
rel@kullmanlaw.com
aaf@kullmanlaw.com

**COUNSEL FOR DEFENDANT
WOOD GROUP PSN, INC.**

AND

**ADAMS AND REESE LLP**

*/s/ Kellen J. Mathews*_____
Kellen J. Mathews (#31860)
Taylor M. LeDuff (#39253)
450 Laurel Street, Suite 1900
Baton Rouge, Louisiana 70801
Telephone: (225) 336-5200
Facsimile: (225) 336-5220
E-mail: kellen.mathews@arlaw.com
　　　　taylor.leduff@arlaw.com

***COUNSEL FOR CROSBY ENERGY SERVICES***

## CERTIFICATE OF SERVICE

I certify that on the ___ day of _____, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record for Crosby Energy Services. Additionally, I certify that on this date, I have sent a copy of the foregoing via certified mail to the following:

Jerome Scott
409 Arlington Ave.
Houma, LA 70363

*Allison A. Fish*
Allison A. Fish

8