UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JEROME SCOTT | * | CIVIL ACTION |
| VERSUS | * | NO. 19-12736 |
| CROSBY ENERGY SERVICES, ET AL. | * | MAG. JUDGE CURRAULT |

## ORDER AND REASONS

Plaintiff Jerome Scott's Motion for Preliminary Injunction and Temporary Restraining Order (ECF No. 92) is pending before me in this matter.  Defendants opposed the motion.  (ECF No. 102).  Although no party requested oral argument on that motion, the issues implicated by the motions were addressed at the hearing held on June 7, 2021.

Having considered the record, the submissions and arguments, and the applicable law, Plaintiff's Motion is DENIED for the reasons stated herein.

## I.    BACKGROUND

Following Plaintiff's refusal to consummate an agreed settlement in this matter (*see* ECF No. 79), the court held a status conference during which Plaintiff and Defendants agreed on two possible dates for Plaintiff's deposition.  ECF No. 82.  When Plaintiff did not appear for his deposition, the Defendants filed Motions to Compel Plaintiff's Deposition, Motion for Sanctions, and Motion to Extend Deadlines.  ECF Nos. 86; 87.  The Court then ordered Plaintiff to attend his deposition on a date within 14 days of the Order, as well as granting Defendants $500 for the costs resulting from Plaintiff's non-appearance.  *See* ECF No. 91.  The Court warned Plaintiff that should he fail to attend the second scheduled deposition without substantial justification, he would face severe sanctions, which may include a dismissal of his case.  *Id.* at 4.

After Plaintiff refused to attend his ordered deposition and instead filed the current pending motion, Defendants filed a Motion for Sanctions, Expedited Status Conference, and Continuance

1

of Dispositive Motion and Trial Deadlines.  ECF No. 95.  The Court held oral argument on

Defendants' motions during which the Court explained to Plaintiff that the Federal Rules of Civil

Procedure 30(a) and 37(d) allow Defendants to depose Plaintiff and depositions serve as a

necessary discovery tool which allow Defendants to find out Plaintiff's evidence and story.  *See*

ECF Nos. 99; 100, at 9–10.  The Court then ordered Plaintiff to sit for a deposition on June 18,

2021.  ECF No. 99.

Plaintiff filed a Motion for Preliminary Injunction and Temporary Restraining Order which

was submitted on June 16, 2021, after the Court ordered him to sit for his deposition scheduled on

June 18, 2021 (ECF No. 99).  In that motion, Plaintiff argues that he will suffer irreparable harm

as he is "pro se and unlearned" and unable to read and understand the laws and litigation, and will

have his First Amendment rights violated for being denied access to the courts.  ECF No. 92-1, at

3–4.  He also argues the balance of hardships weigh in his favor for protecting his rights versus

delaying proceedings in this matter.  *Id.* at 3.  Defendants oppose the motion, highlighting that

Plaintiff's inability to retain counsel and the EEOC's dismissal of his claims does not suggest his

claims have merit.  ECF No. 102, at 4.  Defendants also argue that even as a pro se plaintiff,

requiring him to participate in his own deposition does not constitute irreparable harm or hardship

to provide truthful testimony.  *Id.* at 5–6.  Additionally, Defendants have waited three years for

Plaintiff's deposition and require Plaintiff's deposition to properly defend this case.  *Id.* at 6.

II.    **ANALYSIS**

Although Plaintiff did not ask for oral argument or seek expedited hearing of his motion

for preliminary injunction essentially seeking to stay discovery until he obtained representation, at

the June 7, 2021 hearing, the Court addressed many of the issues raised by Plaintiff including his

request for another court-appointed attorney and a stay of his deposition.  ECF No. 92, at 1; 92-1,

at 4; ECF No. 100, at 6-16. The Court explained the importance of completing his deposition, the purpose of depositions, the requirements of Rule 30, and the need to conclude discovery in a timely manner in accordance with the scheduling order. ECF No. 100, at 6-16, 20-22. During the June 7, 2021 hearing, the Court ordered Plaintiff to sit for his deposition, and in compliance with this Court's order, he appeared for his deposition on June 18, 2021 (ECF Nos. 103-2; 104-3) rendering this motion moot.

Accordingly,

IT IS ORDERED that Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order (ECF No. 92) is DENIED AS MOOT.

New Orleans, Louisiana, this 20th day of July, 2021.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE